# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Jordana Bauman,<br><br>         Debtor. | Case No.: 3:16-cv-0806-CAB-(BLM)<br><br>**ORDER ON MOTIONS FOR RELIEF FROM JUDGMENT OR TO VACATE SEPTEMBER 6, 2016 ORDER**<br>**[Doc. Nos. 19, 20]** |

  On April 4, 2016, Debtor's brother, Mel Marin, filed a motion for withdrawal of reference. [Doc. No. 1.]

  On April 25, 2016, this Court was unable to ascertain the particular motion or legal issue movant sought to withdraw and issued an Order to Show Cause ("OSC"). [Doc. No. 5.] On May 12, 2016, Debtor responded to the OSC. [Doc. No. 6.] Debtor identified her "collateral attack against dismissal or her prior Chapter 13 case" and "debtor's contempt claims against creditors who have been looting her estate and harassing her" as the specific issues to withdraw. [*Id.* at 1-2.] Further, Debtor asserted that her brother has standing because he has a lien on debtor's property. [*Id.* at 4.] On May 16, 2016, Debtor filed a supplemental response to the OSC identifying an additional five issues she sought withdrawal of. [Doc. No. 8.]

While the OSC was under submission, the Bankruptcy Court dismissed the underlying petition[1]. In light of the dismissal, on September 6, 2016, this Court denied as moot the motion for withdrawal of reference and ordered that the Clerk of the Court close the case. [Doc. No. 11.] On the same day, the Clerk of Court entered judgment and closed the case. [Doc. No. 12.]

On April 24, 2017, Mel Marin filed a Motion for Relief from Judgment or to Vacate Order of 9/26/2016 Denying Withdrawal of the Reference of Contempt Motions and Adversarial Actions as to Wells Fargo Defendants in Case 16-00301-CL-13 from the Bankruptcy Court (Rule 60). [Doc. No. 19.] On the same day, Debtor filed a Motion for Relief from Judgment or to Vacate Order of 9/6/2016 Denying Withdrawal of the Reference. [Doc. No. 20.] Both motions were made pursuant to Federal Rule of Civil Procedure Rule 60.

Rule 60 provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994). The Rule identifies six permissible grounds for relief from a final judgment, order, or proceeding, namely: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) and other reason justifying relief." Fed. R. Civ. P. 60(b). Further, the Rule provides that a motion brought under it "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order of the date of the proceeding." Fed. R. Civ. P. 60(c).

The Court begins by noting that the practically identical motions currently before it are as muddled as the original motion for withdrawal of reference. Debtor and her brother

---

[1] *In re Jordana Baumann*, Bankr. Case No. 16-00301, Docket No. 149 (September 1, 2016).

do not articulate under which provision of Rule 60 the motions for reconsideration and requests to vacate the September 6, 2016 Order are being sought. That being said, the Court has reviewed the motions carefully and concluded that Debtor and her brother have not presented any grounds for relief under any of the six permissible grounds. *See, e.g., Marly Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, of if there is an intervening change in the controlling law.").

Even under the catchall provision of clause (6), Debtor and her brother have not provided any evidence that demonstrates "extraordinary circumstances" that would warrant relief from the judgment. *Straw v. Bowen,* 866 F.2d 1167, 1172 (9th Cir. 1989) (a party is entitled to relief under Rule 60(b)(6) if he demonstrates "extraordinary circumstances" to justify relief). *See also Hamilton v. Newland,* 374 F.3d 822, 825 (9th Cir. 2004) ("[a] party is entitled to relief under Rule 60(b)(6) where 'extraordinary circumstances prevented him from taking timely action to prevent or correct an erroneous judgment."). Debtor and her brother have not met their burden of showing the existence of "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005) (citation omitted).

Moreover, to the extent that Debtor and her brother may be relying on Rule 60(b)(6), the Court considers the current motions untimely because they were not filed within a reasonable time after the entry of judgment. *Hamilton,* 374 F.3d at 825 (motions based on the first three clauses must be brought within one year of the entry of judgment, while motions relying upon the fourth, fifth or sixth clause must be brought "within a reasonable time."). The bankruptcy was dismissed in September 2016 and this Court issued its Order in the same month. Filing Rule 60 motions eight months later is not within a reasonable time. Even if Debtor and her brother's delay in moving for reconsideration "may be attributable to inattention or inexperience [] neither deficiency constitutes an 'extraordinary circumstance' that justifies Rule 60(b) relief." *Id.*

For the foregoing reasons, the Motions for Relief from Judgment Under Rule 60 [Doc. Nos. 19, 20] are **DENIED** and the September 6, 2016 Order remains in effect.

It is **SO ORDERED**.

Dated: May 2, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge